UNITED STATES DISTRICT COURT DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD T.  PROULX | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | CA No. |
| | : | |
| | : | 14-00450 ML-PAS |
| BROOKDALE LIVING COMMUNITIES, INC. | : | |
| BROOKDALE SENIOR LIVING, INC. AN D | : | |
| SENIOR LIFESTYLE SAKONNET BAY | : | |
| LIMITED PARTNERSHIP, dba SLC SAKONNET | : | |
| BAY LIMITED PARTNERSHIP AND SAKONNET BAY: | | |
| RETIREMENT LIVING | : | |
|     Defendants | : | |

## **PLAINTIFF RICHARD T. PROULX'S OBJECTION TO DEFENDANTS' MOTION TO DISMISS AND COMPEL ARBITRATION.**

Now comes the Plaintiff Richard T. Proulx in the above captioned matter who through his attorney does object to the Defendants Brookdale Living Ccommunities, Inc., Brookdale Senior Living, Inc. And Senior Lifestyle Sakonnet Bay Limited Partnership d/b/a/ Sakonnet Bay Retirement Living (collectively "Defendants") Motion to Dismiss proceedings and compel arbitration.   As grounds hereof, the Plaintiff relies upon the attached memorandum of law.

Plaintiff
By his attorney,

/s/ Joseph F. Hook

_____
Joseph Hook
RI Bar No. 5418
294 Valley Road

Middletown, Rhode Island 02842
TEL: (401)619-5940
FAX: (401) 848-0984
Email: joe@josephhooklaw.com

## CERTIFICATE OF SERVICE

I the undersigned certify that I served a copy of the within objection upon counsel for the Defendants, Jillian Folger-Hartwell, Esq., by way of the Court CM ECF system on this 5th day of December 2014.


/s/ Joseph F. Hook

_____

Joseph F. Hook

UNITED STATED DISTRICT COURT DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD T.  PROULX | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CA No. |
| | : | 14-00450 ML-PAS |
| BROOKDALE LIVING COMMUNITIES, INC. | : | |
| BROOKDALE SENIOR LIVING, INC. AN D | : | |
| SENIOR LIFESTYLE SAKONNET BAY | : | |
| LIMITED PARTNERSHIP, dba SLC SAKONNET | : | |
| BAY LIMITED PARTNERSHIP AND SAKONNET BAY | : | |
| RETIREMENT LIVING | : | |
| Defendants | : | |

## PLAINTIFF RICHARD T. PROULX'S MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTION TO DEFENDANTS' MOTION TO DISMISS AND COMPEL ARBITRATION.

Now comes the Plaintiff Richard T. Proulx in the above captioned matter who through

his attorney does object to the Defendants Brookdale Living Communities, Inc., Brookdale

Senior Living, Inc.  and Senior Lifestyle Sakonnet Bay Limited Partnership d/b/a/ Sakonnet Bay

Retirement Living (collectively "Defendants") Motion to Dismiss Proceedings and Compel

Arbitration.    The Plaintiff timely brought this case in the Rhode Island Superior Court against

the Defendants alleging that he was discriminated in his employment based upon his disabilities

that effect his ability to control his speech known as Tourette's syndrome, when his employment

was terminated on May 6, 2014 by the Defendants.   Specifically, the Plaintiff alleged that the

Defendants violated the Rhode Island Civil Rights Act of 1990, RIGL section 42-112-1, the

Rhode Island Fair Employment Practices Act, RIGL 28-5-7, and the Rhode Island Civil Rights

of People with Disabilities Act, RIGL 42-87-3 by terminating the Plaintiff employee from his employment based upon his disability. In his Complaint the Plaintiff seeks damages, as well as equitable and injunctive relief including "back pay", "attorney fees" and an order prohibiting the Defendant in engaging in further discriminatory practices.

The agreement to arbitrate cited by the Defendants in support of their motion to dismiss, provides that "as a condition of employment here, you agree that any controversy or claim arising out of or relating to your employment relationship with us or the termination of that relationship, must be submitted to final and binding resolution by a private arbitrator . . .." The agreement provides that claims covered by the arbitration agreement includes "any claim that could be asserted in court or before an administrative agency or claims for which you have an alleged cause of action, . . . claims for discrimination (including but not limited to discrimination based on sex, pregnancy, race, national or ethnic origin, age, religion, creed, marital status, mental or physical disability, or mental condition or other characteristics protected by statute); claims for wrongful discharge; violations of the Family and Medical Leave Act (FMLA): violations of confidentiality of breaches of trade secrets; and/or claims for violation of federal, state, or other governmental law, statute, regulation, or ordinance, and whether based upon statute or common law . . .." However, the document provides that claims not covered by this agreement include "a claim before the Equal Opportunity Employment Commission (or agency with concurrent jurisdiction)." Moreover, the document provides that claims not covered include "a claim by you or us for injunctive or other equitable relief . . ." Although, the document indicates that claims for discrimination based upon physical disability are covered by the

arbitration clause, it does not expressly mention the Rhode Island Civil Rights Act of 1990, RIGL section 42-112-1, the Rhode Island Fair Employment Practices Act, RIGL 28-5-7, and the Rhode Island Civil Rights of People with Disabilities Act, RIGL 42-87-3.

The Federal Arbitration Act does apply in this case because the notwithstanding that the arbitration agreement was part of the Plaintiff's employment contract.   Circuit City Stores v. Adams, 532 US 105 (2001).  Under the FAA doubts regarding the scope of arbitrable issues should be resolved in favor of arbitration.  Gilmer v. Interstate/Johnson Lane Corp, 500 US 20 (1991).   However, a party is bound only "to arbitrate those issues that he has consented to arbitrate." Bush v. Nationwide Mutual Insurance Co., 448 A.2d 782, 784 (R.I.1982).  The Rhode Island Supreme Court recently held that the right to a judicial forum for claims brought specifically under the Rhode Island Civil Rights Act or the Rhode Island Fair Employment Practices Act can be waived in a collective bargaining agreement if, and only if, that waiver is clear and unmistakable.  The Rhode Island Supreme Court  further held that "a general arbitration provision in a CBA which contains no specific reference to the state anti-discrimination statutes at issue does not constitute a clear and unmistakable waiver of the plaintiff's right to a judicial forum in which to litigate claims arising under the RICRA and the FEPA.  Weeks v. 735 Putnam Pike Operations, LLC, 85 A.3d 1147 (R.I. 2014).  The Court opined that "The RICRA and the FEPA reflect the General Assembly's very explicit determination that those statutes are necessary to militate against " grave injury to public safety, health, and welfare." Section 28-5-2. The General Assembly has sounded neither an uncertain nor a muted trumpet in this domain; it has clearly manifested  an intent of the highest order to

extirpate discrimination in employment in view of its deleterious effect on individuals and on society more generally.  . . . The General Assembly specifically and solemnly declared that the FEPA was designed to address " matter[s] of state concern * * * [which] foment [ ] domestic strife and unrest * * * and undermine[ ] the foundations of a free democratic state."  <u>Weeks v. 735 Putnam Pike Operations, LLC</u>, 85 A.3d 1147 (R.I. 2014).

In this case the mandatory arbitration provision in the contract at issue does refer to general claims for discrimination including to discrimination based on mental or physical disability, but does not specifically refer to the Rhode Island state statutes under which the Plaintiff brought his claims, including the Rhode Island Civil Rights Act of 1990, RIGL section 42-112-1, the Rhode Island Fair Employment Practices Act, RIGL 28-5-7, and the Rhode Island Civil Rights of People with Disabilities Act, RIGL 42-87-3.  Consequently, the Plaintiff's alleged waiver of his right to a judicial forum to assert these claims was not a clear and unmistakable waiver of the plaintiff's right to a judicial forum.  In fact the arbitration  agreement expressly provides that claims not covered by the arbitration provision are those that seek "injunctive or other equitable relief . . ."  In each of the claims asserted by the Plaintiff in the case at bar he seeks in addition to damages, "injunctive and equitable relief" including back pay, attorney fees and an order that directs that the Defendants refrain from discriminatory practices.


Moreover, an interpretation of the contract at issue under the laws of contract construction reveal that the Plaintiff did give up his right to assert the claims that he brings in

this case in a judicial forum.   Under Rhode Island law a contract is ambiguous if it is reasonably susceptible of different constructions.  <u>Saccucci Auto Group, Inc. V. American Honda Co., Inc</u>. 617 F3rd 14 (1st Cir 2010).   Contract language is usually considered ambiguous where the agreement's terms are inconsistent on their face or where the phraseology can support reasonable differences of opinion as to the meaning of the words employed and the obligations undertake. <u>Fashion House, Inc. V. K-Mart Corp</u>. 892 F2nd 1076 (1st Cir. 1989).  When ambiguity is present in an agreement, ad the documents language is susceptible to more than one reasonable interpretation, the language will be strictly construed with all ambiguities decided against the drafter.   <u>Monahan v. Giroud</u>, 911 A2nd 666 (RI 2006)<u>; Rhode Island Depositers Economic Protection Corp. V. Coffey and Martinelli, Ltd</u>, 821 A2nd 222 (RI 2003).   In this case the Plaintiff's claims alleging that he was wrongfully terminated from his employment were claims that were before the Rhode Island Commission for Human Rights which is the state concurrent agency to that of the Equal Employment Opportunity Commission.  See RIGL 28-5, et seq. The Plaintiff was issued a "Notice of Right to Sue" letter on June 12, 2014 from the Rhode Island Commission for Human Rights because more than 120 days had elapsed and less than two years had elapsed since he filed his charge of discrimination with the Rhode Island Commission for Human Rights.   <u>See Exhibit Attached to Plaintiff's complaint</u>.   Plaintiff requested the right to sue letter from the Commission for Human Rights after receiving a letter from the executive director Michael D. Evora advising counsel for the Plaintiff that it was probable that June 12, 2014 was the last day that he could request a right to sue letter.   <u>See Attached Exhibit B</u>. Following the receipt of this right to sue letter the Plaintiff timely initiated this suit.   A

reasonable interpretation of the arbitration provision of the contract is that those claims that are brought before the Rhode Island Commission for Human Rights are not subject to the mandatory arbitration provision of the contract.  Since the claims at issue in this case were brought before the Rhode Island Commission for Human Rights, and suit was filed upon the exhaustion of administrative remedies, the arbitration provisions of the contract do not apply and  the Plaintiff is entitled to pursue his claims in Court.   Another plausible interpretation of the agreement is that a claimant can pursue his administrative remedies with the Commission for Human Rights, but upon the exhaustion of those remedies that the claimant would have to submit his claim to arbitration and not proceed with a lawsuit.   Even if this alternative interpretation is reasonable the contract should be construed against the Employer on whose behalf the documents was drafted.    Again the contract itself excludes from the mandatory arbitration provision claims that seek "injunctive or other equitable relief . . ." which are the type of claims that the Plaintiff is pursuing in this case, at least in part.

        If this Court is persuaded, however, that the arbitration provision of the contract at issue prevents the employee with proceeding with this suit at this time, the appropriate remedy is to stay these proceedings and compel arbitration.    Under 9 USC § 3 entitled " Stay of proceedings where issue therein referable to arbitration: provides that:

>   If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

The Defendants contend that this Court should exercise its discretion and dismiss the case rather than stay the proceedings because of all the Plaintiff's claims are subject to the mandatory arbitration provisions, citing Large v. Conseco Fin. Serv. Corp, 167 F. Supp 2nd 203, 205 D. R.I 2001).  In that case the Court dismissed the case because all of the Plaintiff's claims were subject to arbitration.  In the case at bar the arbitration agreement specifically excludes from arbitration "a claim by you or us for injunctive or other equitable relief . . ."   In this case, in each of the Plaintiff's claims in addition to damages the Plaintiff seeks injunctive and equitable relief.  Thus unlike in Large all of the Plaintiff's claims are not covered by the mandatory arbitration provision of the contracts.  Consequently, this Court should instead stay these proceedings and compel the parties to submit to mandatory arbitration.   See,  Gilmer v. Interstate/Johnson Lane Corp.  500 US 20 (1991).

Wherefore, the Plaintiff prays that this Honorable Court deny he Plaintiff's motion to dismiss.


Plaintiff
By his attorney,

/s/ Joseph F. Hook
_____

Joseph Hook
RI Bar No. 5418
294 Valley Road
Middletown, Rhode Island 02842
TEL: (401)619-5940
FAX: (401) 848-0984
Email: joe@josephhooklaw.com

## CERTIFICATE OF SERVICE

I the undersigned certify that I served a copy of the within memorandum of law upon counsel for the Defendants, Jillian Folger-Hartwell, Esq., by way of the Court CM ECF system on this 5th day of December 2014.

/s/ Joseph F. Hook

_____

Joseph F. Hook